IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DUSTIN C. WILSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00289 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| IPM DANIELS, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Dustin C. Wilson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Institutional Program Manager ("IPM") Daniels.[1] Having reviewed Wilson's complaint, I conclude that Wilson's allegations fail to state a claim and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Wilson alleges that while he was a protective custody inmate at River North Correctional Center ("RNCC"), IPM Daniels denied his requests to allow protective custody inmates to participate in the Technical Education Programs offered at RNCC. Wilson states that in denying one of his requests, IPM Daniels stated that the classes were four hours long, required usage of hands-on equipment, and that RNCC was not going to hold a class for just one person. In response to another grievance, an unnamed person allegedly told Wilson that he could "sign off protective custody and go to general population" if he wanted to participate in the Technical Education Programs.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v.*

---

[1] Wilson has also filed a motion to substitute defendant Daniels for the Warden of River North Correctional Center under a theory of vicarious liability and without alleging any facts against the Warden. However, such an amendment would be futile and, therefore, Wilson's motion is denied. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

*Atkins*, 487 U.S. 42, 48 (1988). Even liberally construing Wilson's complaint, I conclude that his allegations do not state a claim that is actionable under § 1983.[2] *See generally Sandin v. Conner*, 515 U.S. 472 (1995); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (no Eighth Amendment right to classes); *Women Prisoners of Dist. of Columbia Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996) (no constitutional right to work or educational opportunities); *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987) (no due process right to classes). Accordingly, I will dismiss this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[3]

    **ENTER**: This 11th day of February, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] I decline to exercise supplemental jurisdiction over any related state law claims Wilson may have, pursuant to pursuant to 28 U.S.C. § 1367(c).

[3] Wilson has also filed a "prohibitory injunction" and "motion for prohibitory injunction or motion for injunction bond or injunction," in which he asks the court, *inter alia*, to have him transferred to a different facility. Since filing those pleadings, Wilson has now been transferred to Red Onion State Prison. The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief). As Wilson has been transferred, I conclude that his requests for injunctive relief are now moot.